## ELIZABETH P. CLARK *vs.* EDWARD WARD.

Where a declaration is inserted in the writ and filed with it, a new declaration cannot be filed on the return day, under *St.* 1852, *c.* 312, § 8, without leave of court; although the first declaration is insufficient on its face, and is not intended to be relied on. And if the court allow the plaintiff to go to trial upon a new declaration so filed, without first giving leave to amend, it is ground of exception.

ACTION OF TORT for slander, commenced in the court of common pleas. In the writ was inserted a declaration, which stated the charge in general terms, but did not set out the words spoken.

On the return day of the writ, the plaintiff entered the action, and filed, with the writ, a declaration, which, after stating the charge, also set forth the words spoken, with proper innuendoes The plaintiff obtained no order or leave of the court, allowing this declaration to be filed or made, as an amendment, additional count, or new declaration; and made no motion for such leave or order.

The defendant, in his answer, demurred to the declaration inserted in the writ, on the ground that it did not state a legal cause of action, substantially in accordance with the rules con tained in the *St.* of 1852, *c.* 312, inasmuch as it did not set out the words in which the alleged charge was spoken. He also denied having used the words stated and set out in the declara tion filed with the writ, and denied that he ever accused the plaintiff, as alleged; and further answered, " that a declaration having been inserted in the writ, the plaintiff had no right, license or authority to file a declaration other than that, at the entry of the writ; and therefore he says that he ought not to be held to answer to that declaration, so filed."

Trial before *Perkins,* J., who signed a bill of exceptions, which stated the proceedings above set forth, and the residue of which was as follows :

" There was no hearing upon the demurrer, nor motion made for one; but at the trial, while the plaintiff's counsel was opening

the case, the defendant objected to the plaintiff's reading the declaration, filed at the time of entering the writ, to the jury. But the plaintiff, claiming this as the declaration on which, and on which alone, the case was to be tried—the statement inserted in the writ not being a declaration according to said practice act of 1852, and not relied upon, but being abandoned by the plaintiff—the court ruled that the declaration relied upon by the plaintiff, having been filed within the time fixed by the said practice act, and within the requirements of that act, no motion for leave of the court to file it was necessary, nor was any order of the court required ; and the court allowed the plaintiff to go to trial on the declaration last filed in the case, and upon that alone. She went to trial, and claimed judgment; the verdict being for the plaintiff. No other formal disposition of the defendant's demurrer was made or moved for. The defendant, feeling aggrieved by the said rulings and directions of the court, excepts to them."

*W. H. L. Smith,* for the defendant.

*W. Lovering,* for the plaintiff.

By THE COURT. This is a point of practice of some importance. A new declaration was filed, without leave of court, although there was one in the writ. The court, without considering the demurrer, allowed the plaintiff to go to trial on the new declaration. This cannot be treated as an allowance of an amendment; for the court expressly ruled that no motion for leave to file it was necessary. The learned judge seems to have been of opinion that there was no declaration in the writ. It is true that the first declaration was clearly insufficient. *Lee* v. *Kane,* 6 Gray, 495. But we think that, when one declaration is inserted in the writ and filed with it, a new one cannot be filed, except by amendment; and that a motion to the court was necessary.                              *Exceptions sustained.*